| | |
|---|---|
| 1 | KAREN P. HEWITT<br>United States Attorney |
| 2 | JAMES P. MELENDRES<br>Assistant U.S. Attorney |
| 3 | California State Bar No. Pending<br>United States Attorney's Office |
| 4 | 880 Front Street, Room 6293<br>San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6327 / (619) 235-2757 (Fax)<br>Email: James.Melendres@usdoj.gov |
| 6 | |
| 7 | Attorneys for Plaintiff<br>United States of America |

8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| 10 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2684-L |
| 11 | Plaintiff, | ) | DATE:     September 15, 2008<br>TIME:     2:00 p.m. |
| 12 | v. | ) | Honorable M. James Lorenz |
| 13 | LUIS ALBERTO<br>     RODRIGUEZ-GASCA (1), | ) | UNITED STATES' RESPONSE TO |
| 14 | CHRISTYAN DUARTE MORENO (2), | ) | DEFENDANT'S MOTIONS TO: |
| 15 | Defendant. | ) | (1)   COMPEL DISCOVERY;<br>(2)   PRESERVE EVIDENCE; AND |
| 16 | | ) | (3)   GRANT LEAVE TO FILE<br>        FURTHER MOTIONS |
| 17 | | ) | |
| 18 | | ) | TOGETHER WITH STATEMENT OF<br>FACTS AND MEMORANDUM<br>OF POINTS AND AUTHORITIES |
| 19 | | ) | |

20       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its

21 counsel, Karen P. Hewitt, United States Attorney, and James P. Melendres, Assistant United States

22 Attorney, and hereby files its Response to Defendant Moreno's Motions in the above-referenced

23 case. This Response is based upon the files and records of this case together with the attached

24 statement of facts and memorandum of points and authorities.

25 //

26 //

27 //

28 //

DATED: September 8, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/*James P. Melendres*
JAMES P. MELENDRES
Assistant United States Attorney

| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | JAMES P. MELENDRES |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. Pending |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6327 / (619) 235-2757 (Fax) |
| | Email: James.Melendres@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR2684-L |
| Plaintiff, | DATE: September 15, 2008 |
| | TIME: 2:00 p.m. |
| v. | Honorable M. James Lorenz |
| LUIS ALBERTO RODRIGUEZ-GASCA (1) | |
| CHRISTYAN DUARTE MORENO (2), | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant. | |

**I**

**STATEMENT OF THE CASE**

Defendant Luis Alberto Rodriguez-Gasca ("Defendant Rodriguez-Gasca") and Defendant Christyan Duarte Moreno ("Defendant Moreno"), were charged by a grand jury on August 12, 2008, with violating 21 U.S.C. §§ 952 and 960, importation of marijuana, and 21 U.S.C. § 841(a)(1), possession of marijuana with the intent to distribute. Both defendants were arraigned on the Indictment on the same day, August 12, 2008, and entered a plea of not guilty.

//

//

//

3

## II

## **STATEMENT OF FACTS**

On July 13, 2008, just after midnight, a 2005 gray Ford Lobo pick-up truck entered the Calexico, California, West Port of Entry. Defendant Rodriguez-Gasca was the driver of the Ford pick-up and Defendant Moreno was sitting in the front passenger seat.

At primary inspection, Defendant Rodriguez-Gasca provided a negative customs declaration to Customs and Border Protection ("CBP") Officer Soto and presented a valid Border Crossing Card. When asked for his identification, Defendant Moreno - who was sitting in the passenger seat - presented his valid United States passport. Defendant Rodriguez also stated that they were headed to Calexico, California. The license plate reader scanned the truck's Mexican license plate and registered an Automated Targeting System hit. Officer Soto thereafter escorted the Ford pick-up along with the defendants to the secondary lot.

At secondary inspection, Defendant Rodriguez-Gasca again provided a negative customs declaration - this time, to CBP Officer Cortes. Defendant Rodriguez-Gasca stated they were going to Calexico, California to buy brake pads. Defendant Rodriguez-Gasca also claimed ownership of the Ford pick-up and said he had purchased it recently. During further inspection of the pick-up truck, CBP Officer Cortes noticed that the gas tank sounded hard when he tapped it. He also observed that a fuel hose was disconnected from the gas tank and that there were tool marks on the gas tank straps.

At this point, CBP Officer Navarro conducted a canine examination of the Ford pick-up with a Narcotic Detector Dog, who alerted to the truck's gas tank. Further inspection of the Ford ultimately revealed 38 packages concealed inside the gas tank. The 38 packages contained marijuana and weighing a total of 43.46 kilograms, or 95.61 pounds.

In a post-<u>Miranda</u> statement, Defendant Rodriguez-Gasca admitted that he knew marijuana was concealed in the Ford truck. He also stated Defendant Moreno paid him $1000 to smuggle marijuana into the United States. In his post-<u>Miranda</u> statement, Defendant Moreno claimed that

his uncle owned the Ford pick-up truck. He denied knowledge of the marijuana and stated that they were going to Calexico, California to buy brake pads.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

    **1.    The United States Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The United States has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

    a.    The United States Will Comply With Rule 16(a)(1)(D)

To the extent they have a criminal record, defendants have already been provided with their respective "rap" sheets and the United States will produce any additional information it uncovers regarding the defendants' respective criminal records. Any subsequent or prior similar acts of defendants that the United States intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

    b.    The United States Will Comply With Rule 16(a)(1)(E)

The United States will permit defendants to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of defendants' defense or are intended for use by the United States as evidence-in-chief at trial or were obtained from or belong to defendants.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days,

5

and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant United States Attorney assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the United States' possession.

        c.        The United States Will Comply With Rule 16(a)(1)(F)

The United States will permit defendants to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the United States, and by the exercise of due diligence may become known to the attorney for the United States and are material to the preparation of the defense or are intended for use by the United States as evidence-in-chief at the trial. Counsel for defendants should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the United States' possession.

        d.        The United States Will Comply With Its Obligations Under Brady v. Maryland

The United States is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendants, however, are not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not

6

1  exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any
2  pretrial privileges not contained in the Federal Rules of Criminal Procedure).

3        e.    Discovery Regarding United States Witnesses

4            (1)   Agreements.  The United States has disclosed or will disclose the
5  terms of any agreements by United States agents, employees, or attorneys with witnesses that
6  testify at trial.  Such information will be provided at or before the time of the filing of the United
7  States' trial memorandum.[1]  The United States will comply with its obligations to disclose
8  impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

9            (2)   Bias or Prejudice.  The United States has provided or will provide
10  information related to the bias, prejudice or other motivation to lie of United States trial witnesses
11  as required in Napue v. Illinois, 360 U.S. 264 (1959).

12            (3)   Criminal Convictions.  The United States has produced or will
13  produce any criminal convictions of United States witnesses plus any *material* criminal acts which
14  did not result in conviction.  The United States is not aware that any prospective witness is under
15  criminal investigation.

16            (4)   Ability to Perceive.  The United States has produced or will produce
17  any evidence that the ability of a United States trial witness to perceive, communicate or tell the
18  truth is impaired or that such witnesses have ever used narcotics or other controlled substances,
19  or are alcoholics.

20            (5)   Witness List. The United States will endeavor to provide defendants
21  with a list of all witnesses which it intends to call in its case-in-chief at the time the United States'
22  trial memorandum is filed, although delivery of such a list is not required.  See United States v.

---

[1]     As with all other offers by the United States to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the United States is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the United States reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1    Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir.
2    1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendants, however, are not
3    entitled to the production of addresses or phone numbers of possible United States witnesses. See
4    United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).
5    Defendants have already received access to the names of potential witnesses in this case in the
6    investigative reports previously provided to him or her.

7        (6)    Witnesses Not to Be Called. The United States is not required to
8    disclose all evidence it has or to make an accounting to defendants of the investigative work it has
9    performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d
10   770, 774-775 (9th Cir. 1980). Accordingly, the United States objects to any request by defendants
11   for discovery concerning any individuals whom the United States does not intend to call as
12   witnesses.

13       (7)    Favorable Statements. The United States has disclosed or will
14   disclose the names of witnesses, if any, who have made favorable statements concerning
15   defendants which meet the requirements of Brady.

16       (8)    Review of Personnel Files. The United States has requested or will
17   request a review of the personnel files of all federal law enforcement individuals who will be called
18   as witnesses in this case for Brady material. The United States will request that counsel for the
19   appropriate federal law enforcement agency conduct such review. United States v. Herring, 83
20   F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir.
21   1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

22     Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v.
23   Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable
24   to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727
25   F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of

28       8

the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

(9) United States Witness Statements. Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The United States reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the United States will disclose the statements of witnesses at the time of the filing of the United States' trial memorandum, provided that defense counsel has complied with defendants' obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

f. The United States Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the United States has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

      g.      All Investigatory Notes and Arrest Reports

The United States objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to defendants. Such reports, except to the extent that they include Brady material or the statements of defendants, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the United States is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the United States is not required to disclose all evidence it has or to render an accounting to defendants of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

      h.      Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the United States will provide the defense with notice of any expert witnesses the testimony of whom the United States intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the United States requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

      I.      Information Which May Result in Lower Sentence.

Defendants have claimed or may claim that the United States must disclose information about any cooperation or any attempted cooperation with the United States as well as any other information affecting defendants' sentencing guidelines because such information is discoverable under Brady v. Maryland. The United States respectfully contends that it has no such disclosure obligations under Brady.

The United States is not obliged under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied,

479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule of disclosure. There can be no violation of Brady if the evidence is already known to defendants.

Assuming that defendants do not already possess the information about factors which might affect their respective guideline range, the United States would not be required to provide information bearing on defendants' mitigation of punishment until after defendants' conviction or plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**B.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow defendants to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant Moreno's motions, except where not opposed, be denied.

DATED: September 8, 2008.

                Respectfully submitted,

                KAREN P. HEWITT
                United States Attorney

                s/*James P. Melendres*
                JAMES P. MELENDRES
                Assistant United States Attorney

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 08CR2684-L |
|---|---|
| Plaintiff | CERTIFICATE OF SERVICE |
| v. | |
| LUIS ALBERTO RODRIGUEZ-GASCA (1), CHRISTYAN DUARTE MORENO (2), | |
| Defendants. | |

IT IS HEREBY CERTIFIED THAT:

I, JAMES P. MELENDRES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Joseph McMullen, Esq.
2. Oliver Cleary, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2008.

s/*James P. Melendres*
JAMES P. MELENDRES